UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY E. LARSON, CDCR #P-82258,<br><br>                     Plaintiff,<br><br>vs.<br><br>BARBARA J. WALLACE, Polygraph Examiner; FRED SMALL, Deputy Public Defender; STAN JONES, Deputy Public Defender,<br><br>                     Defendants. | Case No.: 3:17-cv-01135-JAH-JLB<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS BARRED BY 28 U.S.C. § 1915(g) [ECF Nos. 2, 3]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

    HARVEY E. LARSON (Plaintiff), a prisoner incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

    Plaintiff claims a polygraph examiner and two deputy public defenders appointed to represent him in San Diego Superior Court Criminal Case No. SCE 195230 violated his Fourteenth Amendment rights during his 1999 trial and pre-trial proceedings. *See*

ECF No. at 2-4; & Exs. A & B at 8-32. He seeks an injunction preventing the polygraph examiner from "using incorrect scoring method[s]," as well as $60 million in general, punitive and "nominal" damages. *Id.* at 7.

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3).

**I.     Motion to Proceed IFP**

   A.     Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The

objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.   Application to Plaintiff

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff's Complaint seeks injunctive relief and money damages against a polygraph examiner and two public defenders for allegedly violating his Fourteenth Amendment rights during a 1999 criminal trial. (ECF No. 1 at 2-5). These claims are not only insufficient to plausibly

show ongoing or "imminent" danger of any serious physical injury, they are insufficient as a matter of law to support any viable claim for relief under § 1983 whatsoever. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974) ("[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983."); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as he performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is "to represent his client, not the interests of the state or county."); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

///

Here, Plaintiff Harvey E. Larson, identified as California Department of Corrections and Rehabilitation ("CDCR") Inmate #P-82258, admits in his pleading that he is a "vexatious litigant," *see* ECF No. 1 at 1, 6, and court records confirm that he has, indeed has had at least *seven* prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Larson v. Schwarzenegger, et al.*, Civil Case No. 2:06-cv-0940-GEB-GGH-P (E.D. Cal. Oct. 31, 2006) (Findings and Recommendations ["F&Rs"] to dismiss civil action with prejudice as duplicative pursuant to 28 U.S.C. § 1915A(b)(1), (2))[1] (ECF No. 7); (E.D. Cal. Jan. 9, 2007) (Order adopting F&R in full and dismissing action with prejudice) (ECF No. 8) ("strike 1");

2) *Larson v. Patton, et al.*, Civil Case No. 2:07-cv-1043-FCD-JFM (E.D. Cal. Sept. 5, 2007) (Order and F&Rs to dismiss action for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), (2)) (ECF No. 12); (E.D. Cal. Oct. 15, 2007) (Order adopting F&Rs "in full" and dismissing action for "failure to state a claim.") (ECF No. 14) ("strike 2");

3) *Larson v. Runnels, et al.,* Civil Case No. 2:07-cv-0806-FCD-DAD (E.D. Cal. Dec. 21, 2007) (Order and F&Rs to dismiss action for failure to state a cognizable claim pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 5); (E.D. Cal. Feb 4, 2008) (Order adopting F&Rs "in full" and dismissing action for "failure to state a cognizable claim" pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 8) ("strike 3");

4) *Larson v. Runnels, et al*., Civil Case No. 2:08-cv-00348-MCE-KJM (E.D. Cal. Feb. 22, 2008) (F&Rs to dismiss complaint sua sponte "as frivolous") (ECF No. 5); (E.D. Cal. March 20, 2008) (Order adopting F&Rs "in full" and dismissing action) (ECF

---

[1] A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

No. 7) ("strike 4");

  5) *Larson v. McDonald*, Civil Case No. 2:07-cv-00512-FCD-GGH (E.D. Cal. April 2, 2008) (Order and F&Rs to dismiss action "with prejudice as both duplicative and frivolous" pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 17); (E.D. Cal. June 25, 2008) (Order adopting F&Rs "in full" and dismissing action for "with prejudice as both duplicative and frivolous") (ECF No. 25) ("strike 5");

  6) *Larson v. McDonald, et al.*, Civil Case No. 2:07-cv-01955-HDM-RAM (E.D. Cal. July 22, 2008) (F&Rs to dismiss action sua sponte for failure "to state a colorable claim for relief") (ECF No. 25); (E.D. Cal. Jan. 8, 2009) (Order adopting F&Rs and "dismissing this action with prejudice.") (ECF No. 29) ("strike 6"); and

  7) *Larson v. Williams, et al.*, Civil Case No. 2:07-cv-00631-RLH-VPC (E.D. Cal. Feb. 27, 2009) (Report and Recommendation ["R&R"] of U.S. Magistrate Judge to dismiss amended complaint sua sponte for "fail[ure] to state a claim upon which relief can be granted") (ECF No. 22); (E.D. Cal. March 13, 2009) (Order affirming, accepting, and adopting R&R and dismissing amended complaint) (ECF No. 23) ("strike 7").[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes

---

[2] In fact, Plaintiff has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in both the Southern, as well as in the Eastern District of California, where he originally "struck out." *See, e.g., Larson v. Rhodes*, Civil Case No. 1:09-cv-00342-OWW-YNP SMS (E.D. Cal. Sept. 14, 2009) (Order re F&Rs denying application to proceed IFP pursuant to 28 U.S.C. § 1915(g)) (ECF No. 7); *Larson v. Hanoian, et al.*, Civil Case No. 3:13-cv-01654-GPC-NLS (S.D. Cal. Oct. 7, 2013) (Order Denying Motion to Proceed IFP as Barred by 28 U.S.C. § 1915(g)) (ECF No. 8); *Larson v. Brown, et al.*, Civil Case No. 3:16-cv-01188-AJB-RBB (S.D. Cal. May 20, 2016) (Order Denying Motion to Proceed IFP as Barred by 28 U.S.C. § 1915(g)) (ECF No. 4).

prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II. Motion to Appoint Counsel

In addition, Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3). However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). It requires that Plaintiff has been determined eligible to proceed pursuant to the IFP statute due to indigence, is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Because Plaintiff is not entitled to proceed IFP pursuant to 28 U.S.C. § 1915(a) in this case, he is also not entitled to the appointment of counsel under § 1915(e)(1).

## III. Conclusion and Order

For the reasons discussed, the Court:

1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF No. 2) and to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: August 29, 2017

_____
Hon. John A. Houston
United States District Judge